# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **OWNERS INSURANCE COMPANY,** | ) ) ) |
| **Plaintiff,** | ) ) ) **Case No. 3:18-cv-377-ALB-SMD** |
| v. | ) ) |
| **GTR, INC.**, *et al.*, | ) ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Owners Insurance Company's Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment. (Doc. 17). Upon consideration, the motion is due to be granted in part and denied in part.

## BACKGROUND

This case involves an insurance coverage dispute between Plaintiff Owners Insurance Company ("Owners"), the insurer, and Defendant Graham's Total Restoration, Inc. ("GTR"), the insured, arising out of GTR's repair of Eddie and Catherine Gooden's home and personal property after the property was damaged by a lightning incident in May 2012.

## I. The Insurance Policy

Owners provided coverage to "GTR INC"[1] under a Tailored Protection Policy of insurance, which included Commercial General Liability ("CGL") coverage, for the policy periods from January 5, 2012 to January 5, 2013, and from January 5, 2013 to September 7, 2013. Under the policy, Owners agreed to "pay those sums that [GTR] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (Doc. 19-4 at 49). The policy then states, in relevant part, that "[t]his insurance applies to 'bodily injury' and 'property damage' only if: (1) the 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory' [and] (2) [t]he 'bodily injury' or 'property damage' occurs during the policy period."[2] (Doc. 19-4 at 49).

---

[1] Owners issued the insurance policy at issue to "GTR INC," but GTR claims that at all times relevant to this action it has never operated as or used GTR, Inc. as its legal entity name, only "Graham's Total Restoration, Inc." This mutual mistake can be remedied by reforming the contract, and thus this error does not affect the Court's analysis. *See Commonwealth Land Title Ins. Co. v. Ozark Global, L.C.*, 956 F. Supp. 989, 994 (S.D. Ala. 1997) (recognizing that reformation of contract is available remedy for "mutuality of mistake"); *accord Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1214 (5th Cir. 1969) ("That a wrong name is unintentionally or mistakenly asserted in a policy does not provide the insurer with sufficient grounds for avoiding the policy, and reformation for mutual mistake may be obtained when the policy as written does not insure the person or interest intended to be insured.").

[2] The policy includes a third requirement for coverage, but neither party claims that requirement is at issue. (Doc. 19-4 at 49).

The policy also contains several exclusions to coverage for bodily injury or property damage. Relevant here, the policy contains a "Fungi or Bacteria" exclusion, which excludes coverage for the following:

1. "Bodily injury" or "property damage" arising out of, in whole or in part, the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria, whether airborne or not, on or within a building or structure, including its contents. This exclusion applies whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

2. Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person, entity or governmental authority.

(Doc. 19-4 at 47).

## II.   The Underlying State Court Action

On March 15, 2016, the Goodens filed an action against GTR and several other defendants in the Circuit Court of Chambers County, Alabama, asserting various state law claims (the "underlying action").[3] In all, the Goodens assert three claims against GTR in the Complaint: (1) conversion/unjust enrichment (Count Seven); (2) negligence and wantonness (Count Eight); and (3) mold/nuisance (Count

---

[3] The underlying action in the Circuit Court is styled *Eddie Gooden & Catherine Gooden v. ALFA Mut. Gen. Ins. Co., Graham's Total Restoration, Inc., Cleaning Servs, Inc., et al.*, Civ. Action No. 2016-900034.

Nine). The Circuit Court dismissed the Goodens' claim for conversion/unjust enrichment (Count Seven) in its entirety. Thus, their only remaining claims against GTR in the underlying action are negligence and wantonness and mold/nuisance.

According to the Complaint in the underlying action, the Goodens hired GTR "to perform repairs, remove, remediate, and/or clean [their] home and personal property" after a lightning incident caused fire damage to the property in May 2012. (Doc. 19-1, ¶ 13). The Goodens allege that GTR negligently and/or wantonly performed the repairs, resulting in the existence and presence of toxic mold in their home and on their personal property and causing a mold nuisance in their home:

> 14. Plaintiffs subsequently discovered that Defendants Grahams Total Restoration, Defendant Cleaning Services, Inc., and Fictitious Defendants, negligently and/or wantonly failed to properly perform repairs, remove, remediate, and/or clean the Plaintiffs damaged home and personal property after the previously referenced lightning and fire event, thereby causing the Plaintiffs to suffer various injuries and damages.
>
> 15. Specifically, Plaintiffs recently discovered the existence and presence of toxic mold in the areas of their home (as well as personal property) that were damaged by the aforementioned lightning and fire event, which Defendant Grahams Total Restoration, Defendant Cleaning Services, Inc., and Fictitious Defendants, purportedly repaired, remediated, removed, and/or cleaned, and all of whom Defendant ALFA instructed Plaintiffs to use following the previously referenced lightning and fire event. . . .
>
> 77. Defendant Grahams Total Restoration, Defendant Cleaning Services Inc., and Fictitious Defendants, acted negligently and/or wantonly in failing to clean, remediate, remove, and/or repair Plaintiffs' home and personal items that were damaged in the event forming the basis of this lawsuit. . . .

4

> 81. Plaintiffs allege that Defendant Grahams Total Restoration, Defendant Cleaning Services Inc., and Fictitious Defendants, created a mold nuisance to exist in Plaintiffs' home, through said Defendants actions and/or omissions after the previously referenced fire and lightning event.

(Doc. 19-1, ¶¶ 14-15, 77, 81). In August 2016, the Goodens filed a First Amended Complaint, alleging that they "properly filed their [negligence and wantonness claims] after discovery of the wrongful conduct" of GTR. (Doc. 19-2, ¶ 62).

Owners is currently providing GTR's defense for the Goodens' state court action under a reservation of rights but filed this action against GTR and the Goodens seeking a declaratory judgment that it does not owe a defense or indemnity to GTR. Owners now moves for a judgment on the pleadings or, in the alternative, summary judgment against all Defendants.

## STANDARD OF REVIEW

Judgment on the pleadings under Fed. R. Civ. P. 12(c) is appropriate "when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008). To decide a Rule 12(c) motion for judgment on the pleadings, courts apply the same standard applied to Rule 12(b)(6) motions to dismiss. *McPhillips v. Blue Cross Blue Shield of Ala.*, No. 2:10-cv-615, 2010 WL 3833950, at *1 (M.D. Ala. Sept. 23, 2010). That is, the Court must accept all facts alleged in the complaint as

true, viewing them in the light most favorable to the non-movant. *Douglas Asphalt Co.*, 541 F.3d at 1273.

However, a Rule 12(c) motion for judgment on the pleadings is properly converted into a motion for summary judgment when the motion "requires a district court to look outside the pleadings." *Baez v. LTD Fin. Servs., L.P.*, 757 F. App'x 842, 845 (11th Cir. 2018); Fed. R. Civ. P. 12(d). Because the parties have submitted evidence outside of the pleadings, the Court construes Plaintiff's motion as a motion for summary judgment.

Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "has the burden of either negating an essential element of the nonmoving party's case or showing that there is no evidence to prove a fact necessary to the nonmoving party's case." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013).

If the moving party meets its burden, the nonmoving party must then "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable fact finder to return a

verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001). But "unsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1996). The Court views the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

## DISCUSSION

Liability insurance coverage imposes on the insurer the duty to defend and the duty to indemnify, each of which must be analyzed separately. *Tanner v. State Farm Fire & Cas. Co.*, 874 So. 2d 1058, 1066 (Ala. 2003). Under Alabama law, an insurer's duty to defend is broader than its duty to indemnify. *Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1009 (Ala. 2005). The duty to defend is determined by the injured party's allegations against the insured, whereas an insurer's duty to indemnify is determined by the insured's actual conduct. *Tanner*, 874 So. 2d at 1066.

### I.   Duty to Defend

Plaintiff contends that the claims alleged by the Goodens against GTR in the underlying action are precluded from coverage for several reasons. But the Court need not address each of Plaintiff's arguments because the Court concludes that the

Goodens' alleged damages occurred outside of the policy period and, alternatively, fall within the Fungi or Bacteria exclusion, both of which are dispositive.

> A. <u>Coverage for Alleged Bodily Injury and/or Property Damage That Occurred Outside of the Policy Period</u>

Plaintiff primarily argues that the policy does not cover the Goodens' claims against GTR in the underlying action because the Goodens' alleged injuries necessarily occurred outside of the applicable policy period. Specifically, because a two-year statute of limitations applies to both negligence and nuisance claims, Plaintiff argues that the Goodens' alleged damages must have occurred after March 15, 2014 (two years before the Goodens' Complaint was filed) and after the policy expired in September 2013. But GTR claims that there is insufficient evidence that the Goodens' damages occurred outside of the policy period, and thus Plaintiff has a duty to defend GTR. GTR's argument is both incorrect and a misunderstanding of its own burden to establish potential coverage.

Under Alabama law, it is the insured's burden to establish coverage by showing that a claim potentially falls within the policy. *Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So. 2d 687, 697 (Ala. 2001); *Colonial Life & Accident Ins. Co. v. Collins*, 194 So. 2d 532, 535 (Ala. 1967); *Am. Safety Indem. Co. v. T.H. Taylor, Inc.*, 513 F. App'x 807, 813-14 (11th Cir. 2013). In other words, it is not Plaintiff's burden to present sufficient evidence that the Gooden's damages occurred outside of the policy period; it is GTR's burden to present sufficient evidence that

the damages potentially occurred within the policy period. *See Evanston Ins. Co. v. J&J Cable Constr., LLC*, No. 3:15-cv-506, 2016 WL 5346079, at *9 (M.D. Ala. Sept. 22, 2016) (concluding that defendant insureds presented evidence that their damages occurred before insurance policy expired).

Though an insurer's duty to defend is primarily determined based on the facts alleged in the injured party's complaint against the insured, the Court is "not limited to the bare allegations of the complaint" and "may look to the facts which may be proved by admissible evidence." *Hartford*, 928 So. 2d at 1010. That is, where the complaint against the insured "does not, on its face, allege a covered accident or occurrence, 'other facts which did exist but were not alleged could be taken into consideration' to establish coverage because the policy 'should be liberally construed in favor of the insured.'" *Id.*

Here, GTR has not presented evidence—either based on the Goodens' Complaint or through other facts—that the Goodens' alleged bodily injury or property damage occurred before the policy expired in September 2013. Turning first to the Complaint, which was filed in March 2016, the Goodens allege that they "*recently* discovered the existence and presence of toxic mold in the areas of their home (as well as personal property)" due to the negligent and/or wanton failure of GTR "to properly perform repairs, remove, remediate, and/or clean [their] damaged home and personal property." (Doc. 19-1, ¶¶ 13-15) (emphasis added). The Goodens

further allege that as a result of GTR's negligence, which caused the mold, they suffered various injuries and damages and that they "submitted a valid homeowner's insurance claim(s) for mold damage in 2015." (Doc. 19-1, ¶¶ 13-15, 18). Finally, the Goodens allege in their Amended Complaint that they "properly filed their [negligence and wantonness claims] after discovery of the wrongful conduct" of GTR. (Doc. 19-2, ¶ 62). Based on these allegations, the Complaint does not on its face allege that the Goodens' damages occurred or potentially occurred within the policy period.

Because the allegations in the Goodens' Complaint do not establish coverage, the Court next considers any additional facts that existed at the time but that were not alleged in the Complaint. The only factual evidence presented by GTR is that GTR performed and concluded its work on the Goodens' home during the policy period. In fact, GTR sums up its argument that the Goodens' claims trigger coverage under the policy this way: "The bottom line is, Graham's performed work to the Goodens' home during Owners' policy period. The Goodens claim Graham's performed the work negligently, and the Goodens claim damages as a result thereof." (Doc. 26 at 12). But the policy issued to GTR clearly states that it only covers bodily injury or property damage that "occurs during the policy period." This means that the "injury, and not an occurrence that causes injury, must fall within the policy period for it to be covered." *Am. States Ins. Co. v. Martin*, 662 So. 2d 245, 250

(Ala. 1995). Thus, the fact that GTR performed the repair work within the policy period is not dispositive as to whether the Goodens' alleged damages occurred within the policy period.

Further, the Goodens' discovery responses in the underlying action—which were submitted to the Court by GTR—confirm that their alleged injuries occurred outside the policy period. Specifically, the Goodens state that they spoke with GTR in July 2015 "about mold being in the home due to their lack of remediation and faulty remodeling." (Doc. 27-9 at 4).They further state that "[a]fter getting sick," they hired a consulting company that performed a home inspection on June 25, 2015, "and found mold and issued their report on their findings in a report dated July 14, 2015." (Doc. 27-9 at 4).

For these reasons, Plaintiff does not owe a duty to defend GTR in the underlying action, and summary judgment is due to be granted in favor of Plaintiff as to that claim.

### B. Fungi or Bacteria Exclusion

Though GTR has not presented evidence that the Goodens' alleged bodily injury or property damage occurred within the policy period, even if it had, such damages are still precluded from coverage because they fall squarely within the policy's Fungi or Bacteria exclusion.

The Fungi or Bacteria exclusion precludes coverage for bodily injury or property damage arising "in whole or in part" from "the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any 'fungi' . . . on or within a building or structure, including its contents." (Doc. 19-4 at 47). This exclusion expressly defines "Fungi" to include mold and "applies whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage." *Id.* Whereas it is the insured's burden to establish that a claim potentially falls within the policy, it is the insurer's burden to prove the applicability of a policy exclusion. *See Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So. 2d 687, 697 (Ala. 2001).

As Plaintiff points out, the underlying dispute is precisely the kind of dispute to which the Fungi/Bacteria exception applies. The Goodens' alleged damages in Counts Eight (negligence/wantonness) and Nine (nuisance) of the Complaint expressly arise out of the alleged existence and presence of mold. Specifically, Count Eight of the Goodens' Complaint alleges damages based on the Goodens' recent discovery of "the existence and presence of toxic mold" in their home and on their personal property due to GTR's negligent and/or wanton failure to repair their property. Similarly, Count Nine of the Goodens' Complaint expressly alleges damages based on a "mold nuisance" in their home that was created by GTR's negligent and/or wanton failure to repair their property. That the Goodens' alleged

damages arise "in whole or in part" from the presence and existence of mold is confirmed by their discovery responses in the underlying action. Allegedly, "as a result of the allegations" in the Complaint, the Goodens have suffered the following damages:

> [W]e have had to move in with brother-in-law, pay for electricity at the home in question as well as pay to live with brother. Have had to pay medical bills/expenses/prescriptions due to mold affecting health. Trying to pay expenses at 2 houses have left us financially struggling. We had had emotional distress and mental anguish due to the fact that we cannot live in our own home and going through this legal process.

(Doc. 26 at 8).

Though the Goodens assert that GTR "painted over areas instead of actually removing materials that needed removal" and that some areas of the home "still appear black due to fire damage," these are GTR's allegedly negligent actions, not personal injury or property damages. The Goodens are claiming damages because those negligent acts allegedly created and contributed to the subsequent existence, presence, and/or threat of mold in their home. *See Pa. Nat'l Mut. Cas. Ins. Co. v. Ret. Sys. of Ala.*, 104 F. Supp. 3d 1313, 1320-21 (N.D. Ala. 2015) (holding that coverage was precluded under fungi exclusion for mold damages and condensation damages because the remediation of the condensation was necessary due to the threat of mold); *USF Ins. Co. v. Metcalf Realty Co.*, No. 2:12-cv-02529, 2013 WL 4679833, at *6 (N.D. Ala. Aug. 30, 2013) (holding that coverage was precluded under fungi exclusion where injured party's damages included abandoning part of

13

his condominium, seeking medical attention, taking prescriptions, and spending money on repairs due to a "mold and mildew problem").

Accordingly, Plaintiff has shown that the Fungi exclusion precludes coverage, and thus Plaintiff is also due summary judgment on its duty to defend claim based on these alternative grounds.

## II. Duty to Indemnify

Because Plaintiff owes no duty to defend GTR in the underlying action, Plaintiff contends that it also owes no duty to indemnify GTR as the duty to defend is more extensive than the duty to indemnify. But Plaintiff's request for declaratory relief as to its duty to indemnify is premature.

Plaintiff is correct that the duty to defend is generally broader than the duty to indemnify. *See, e.g.*, *Hartford*, 928 So. 2d 1006, 1013 (Ala. 2005). Even so, an insurer's duty to indemnify its insured depends on "the facts adduced at the trial of the action," *i.e.*, the final resolution of the underlying action. *Hartford Cas. Ins. Co.*, 928 So. 2d at 1013 (finding no duty to defend but holding that determination on duty to indemnify was "premature"); *J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014) (recognizing that duty to indemnify is dependent on final judgment, settlement, or final resolution of underlying action). For this reason, the Eleventh Circuit has consistently held—albeit in unpublished opinions—that whether an insurer has a duty to indemnify is "not ripe for adjudication until the

underlying lawsuit is resolved." *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019); *Am. Safety Indem. Co. v. T.H. Taylor, Inc.*, 513 F. App'x 807, 810 n.4 (11th Cir. 2013); *see J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014).

Here, the Goodens' underlying action is still pending in state court, making the issue of Plaintiff's indemnity obligation unripe for adjudication. For instance, GTR could prevail in the underlying action, making the issue of indemnity moot altogether. Because this Court lacks subject matter jurisdiction over Plaintiff's claim for declaratory relief as to its duty to indemnify, that claim is due to be dismissed without prejudice. *See Canal Ins. Co. v. INA Trucking, LLC*, No. 1:16-cv-82, 2017 WL 1146984, at *7 (M.D. Ala. Mar. 10, 2017) (holding that federal court cannot "'retain jurisdiction' over a claim if ripeness—i.e., subject matter jurisdiction—is lacking" and that a court "cannot 'retain' a cause of action that is outside its power to adjudicate.").

## CONCLUSION

Based on the foregoing reasons, the Court orders as follows:

1. Plaintiff's Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment (Doc. 17) is **GRANTED IN PART and DENIED IN PART.**

2. Plaintiff's claim for declaratory relief as to its duty to indemnify is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

A final judgment will be entered separately.

**DONE** and **ORDERED** this 8th day of April 2020.

                                          /s/ Andrew L. Brasher
                              ANDREW L. BRASHER
                              UNITED STATES DISTRICT JUDGE